O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

MARGARET BELL CARLSEN,              )      Case No. EDCV 12-0234-MLG
                                    )
              Plaintiff,            )      MEMORANDUM OPINION AND ORDER
                                    )
        v.                          )
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of the                 )
Social Security                     )
Administration,                     )
                                    )
              Defendant.            )
_____)

        Plaintiff Margaret Bell Carlsen seeks judicial review of the
Commissioner's final decision denying her application for disability
insurance benefits and for disabled widow's benefits. For the reasons
stated below, the decision of the Commissioner is reversed, and the
matter is remanded for further proceedings consistent with this opinion.

**I.   Background**

        Plaintiff was born on April 5, 1953, and was 55 years old at the
time she filed her applications. (Administrative Record ("AR") at 146.)
She has a high school education and past relevant work experience as a
reservations agent. (AR at 151, 155.) Plaintiff filed her disability

1

1    insurance benefits and widow's benefits applications on June 12, 2008,
2    alleging disability beginning July 9, 2006, due to osteoporosis, a
3    spinal stress fracture and depression. (AR at 142, 150.)

4        Plaintiff's applications were denied initially on October 21, 2008,
5    and upon reconsideration on March 26, 2009. (AR at 82-86, 87-91.) An
6    administrative hearing was held on April 22, 2010, before Administrative
7    Law Judge ("ALJ") Michael D. Radensky. Plaintiff, represented by
8    counsel, testified, as did a Vocational Expert ("VE"). (AR at 43-77.)

9        On June 3, 2010, the ALJ issued an unfavorable decision. (AR at 22-
10   28.) He found that Plaintiff had not engaged in substantial gainful
11   activity since the disability onset date. (AR at 25.) The ALJ further
12   found that pursuant to 20 C.F.R. 416.920(c), the medical evidence
13   established that Plaintiff suffered from the following severe
14   impairments: degenerative disc disease of the lumbar spine, status post
15   compression fracture at L1, history of fracture of left tibia and
16   fibula, status post ORIF with intramedullary rodding, osteoporosis, and
17   atrial fibrillation. (Id.) However, the ALJ determined that Plaintiff's
18   impairments did not meet, or were not medically equal to, one of the
19   listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.)
20   The ALJ determined that Plaintiff retained the residual functional
21   capacity ("RFC") to:

22       perform light work as defined in 20 C.F.R. 416.967(b) except
23       she can lift and carry 20 pounds occasionally and 10 pounds
24       frequently, stand and walk for 2 hours of an 8-hour workday,
25       and sit for 6 hours with appropriate breaks. She can
26       occasionally perform postural activities.

27   (Id.)
28   //

1    The ALJ found that Plaintiff was capable of performing her past
2    relevant work as a reservationist and front desk clerk. Therefore, the
3    ALJ concluded that Plaintiff was not disabled within the meaning of the
4    Social Security Act. *See* 20 C.F.R. § 416.920(f). (Id.)

5    On January 20, 2012, the Appeals Council denied review. (AR at 1-
6    3.) Plaintiff then timely commenced this action for judicial review. On
7    September 6, 2012, the parties filed a Joint Stipulation ("Joint Stip.")
8    of disputed facts and issues. Plaintiff contends that the ALJ erred by
9    (1) improperly concluding that Plaintiff's mental impairment was not
10   severe and (2) failing to perform a proper credibility analysis. (Joint
11   Stip. at 4.) Plaintiff seeks reversal of the Commissioner's denial of
12   her applications and payment of benefits or, in the alternative, remand
13   for a new administrative hearing. (Joint Stip. at 23.) The Commissioner
14   requests that the ALJ's decision be affirmed. (Joint Stip. at 24.)

15   After reviewing the parties' respective contentions and the record
16   as a whole, the Court finds Plaintiff's contention regarding the ALJ's
17   non-severity finding to be meritorious and remands this matter for
18   further proceedings consistent with this opinion.[1]

19

20   **II.   Standard of Review**

21   Under 42 U.S.C. § 405(g), a district court may review the
22   Commissioner's decision to deny benefits. The Commissioner's or ALJ's
23   decision must be upheld unless "the ALJ's findings are based on legal
24   error or are not supported by substantial evidence in the record as a
25   whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson
26   v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004);
27   *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence

28

---

[1]   The Court does not reach the remaining claim of error regarding
the ALJ's credibility analysis and will not decide whether this issue
would independently warrant relief.

means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

The Court agrees with Plaintiff that remand is warranted based upon the ALJ's erroneous finding that her mental impairment was non-severe, because that decision is not supported by substantial evidence. The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005*); Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at

4

this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe *only* if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). A "finding of no disability at step two" may only be affirmed where there is a "total absence of objective evidence of severe medical impairment." *Webb*, 433 F.3d at 688 (reversing a step two determination "because there was not substantial evidence to show that Webb's claim was 'groundless'").

Here, Plaintiff has offered sufficient evidence to demonstrate that her mental impairment has more than a minimal effect on her ability to perform work-related functions. Plaintiff testified at the administrative hearing regarding her depression caused by her husband's death and her chronic pain, her need to see a psychologist and psychiatrist but her inability to afford their services, and her over 100 pound weight loss caused in part by her depression. (AR at 47, 50-53.) In addition, the medical records indicate that Plaintiff had consistently complained of depression and anxiety to her doctors beginning in June 2007 and continuing through 2008. Plaintiff was prescribed Lexapro[2] for her depression. (*See, e.g.* AR at 222, 233, 234, 235-36, 239, 241, 242, 243, 247, 253, 367, 370.) Plaintiff's medical records documenting her ongoing mental health treatment as well as her history of prescription medication used to treat mental health disorders indicates a level of impairment that at least meets the "de minimis" requirement at this stage of the inquiry. *Smolen*, 80 F.3d at 1290.

---

[2]   Lexapro is used to treat depression and generalized anxiety disorder. http://www.nlm.nih.gov.

In addition, the consultative examining psychiatrist, Dr. Ana Maria Andia, M.D. diagnosed Plaintiff with "bereavement, mood disorder secondary to medical condition (chronic pain) with major depressive-like features." (AR at 302.) Dr. Andia noted that Plaintiff's mood was depressed and that she was "tearful throughout most of the interview." (AR at 301.) Dr. Andia gave Plaintiff a Global Assessment of Functioning ("GAF") score of 55, which indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. (AR at 302.)

The ALJ found that Plaintiff's depression was not severe, primarily relying on the fact that "the only psychiatric record is the consultative examination and Dr. Andia who says she has bereavement, but with no limitations." (AR at 26.) Although it is accurate that there were no psychiatric records, the ALJ omitted the fact that Plaintiff repeatedly stated in her medical records that she wished to see a psychiatrist but could not afford one. The medical records also show that Plaintiff went to Coos County Mental Health Services when she lived in Oregon but that they apparently could not provide her any psychiatric treatment. (AR at 338.) *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (noting that "it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted with often do not recognize that their condition reflects a potentially serious mental illness" and that "nearly 17 million adult Americans suffer from depression in a given year and that two-thirds of them do not get treatment").

Given the minimal threshold required to show that an impairment is severe, the ALJ's determination that Plaintiff's mental impairment is not severe was not supported by substantial evidence. The ALJ did not sufficiently articulate any reason to reject Plaintiff's longitudinal

history of complaining to her medical providers of her depression as well as her history of taking Lexapro for her depression. Nor does the fact that there were no psychiatric records, without more, provide a sufficient reason for finding Plaintiff's mental impairment nonsevere, particularly given that Plaintiff repeatedly stated that she cannot afford psychiatric care. Accordingly, the ALJ's non-severity finding at step two of the evaluative process was not supported by substantial evidence and warrants remand for further proceedings.

**IV.  Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179; *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, the evidence shows a mental impairment that can be considered "severe" within the meaning of the Social Security Regulations, but which might not prevent Plaintiff from performing either her past work or some work in the national economy. However, that is not a determination that this Court can make. Accordingly, the case is

remanded for further evaluation in accordance with the five-step sequential process.

DATED: September 14, 2012

                                            _____MARC L. GOLDMAN_____
                                            Marc L. Goldman
                                            United States Magistrate Judge